IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

RONNIE FAMOUS,

                         Plaintiff,

            v.                                                    OPINION and ORDER

DREW DELFORGE, ALANA ACKER, and LARRY                             23-cv-615-jdp
FUCHS,

                         Defendants.

Plaintiff Ronnie Famous is incarcerated at Columbia Correctional Institution (CCI), and the events at issue occurred there. Proceeding without counsel, Famous alleged that defendants deprived him of dental care. Dkt. 1. I allowed Famous to proceed on Eighth Amendment medical care and Wisconsin-law medical negligence claims against defendants Dr. Drew Delforge, Alana Acker, and Larry Fuchs. Dkt. 7.

Defendants move for summary judgment, contending that Famous failed to exhaust administrative remedies under the Prison Litigation Reform Act (PLRA). Dkt. 23. Defendants have shown that Famous failed to exhaust available administrative remedies on his medical care claims against Dr. Delforge and Acker, so I will dismiss those claims. I will also relinquish jurisdiction over Famous's medical negligence claims against Dr. Delforge and Acker. I will, however, deny the motion on Famous's medical care claim against Fuchs. As a result, Famous's medical care and medical negligence claims against Fuchs are the only claims left in this case.


BACKGROUND

Famous bases his claim against Acker on the allegation that, after he asked her for medication for dental pain on February 10, 2023, more than a month went by until she gave

him acetaminophen. *See* Dkt. 1 ¶¶ 15, 17; Dkt. 7 at 5. Famous bases his claim against Fuchs on the allegation that, on April 26, 2023, Famous complained to Fuchs that dental staffing shortages were stopping him from receiving dental care but Fuchs took no action. Dkt. 1 ¶ 24; Dkt. 7 at 7. Famous bases his claim against Dr. Delforge on the allegation that Dr. Delforge cut Famous's treatment short and prioritized another patient at an appointment that took place on August 16, 2023. *See* Dkt. 1 ¶ 26; Dkt. 7 at 5.

Famous filed two relevant inmate complaints, CCI-2023-2493 and CCI-2023-3035. Famous filed the '2493 complaint on February 16, 2023. Dkt. 25-2 at 10. Famous stated that he asked Acker to see the dentist but that she told him to submit a request for dental care, which he had already done without success. *Id.* The institution complaint examiner, W. Stolpa, consulted with Acker. *Id.* at 2. Acker recommended dismissing the complaint because: (1) Famous was on the waiting list for dental care; (2) dental care was available at CCI only two to four times a month; and (3) Dr. Delforge said that Famous's chipped teeth weren't an emergency. *See id.* Stolpa agreed with Acker and recommended dismissing the complaint. *Id.* The reviewing authority, A. Panos, approved Stolpa's recommendation. *Id.* at 3.

Famous appealed. *Id.* at 14. Famous said that he needed to have his chipped teeth, dentures, and cavities fixed, and that his ibuprofen didn't "completely" treat the pain. *Id.* After consulting with the dental director, the corrections complaint examiner, E. Davidson, recommended dismissing the appeal. *Id.* at 5. The secretary accepted Davidson's recommendation and dismissed the appeal. *Id.* at 6.

Meanwhile, on February 28, 2023, Famous filed the '3035 complaint. Dkt. 25-3 at 8. Famous stated that, earlier that month, Acker told him in response to his request for dental care that he hadn't been seen because of dental staffing shortages. *Id.* Stolpa recommended

rejecting the complaint, concluding that the issue Famous raised had been addressed in the '2493 complaint. *Id.* at 2 (citing Wis. Admin. Code DOC § 310.06(6)). Panos approved the rejection. *Id.* at 5, 15.

## ANALYSIS

### A.  Exhaustion motion

Under the PLRA, "[a]n inmate complaining about prison conditions must exhaust administrative remedies before filing suit." *Conyers v. Abitz*, 416 F.3d 580, 584 (7th Cir. 2005). "Exhaustion is an affirmative defense, with the burden of proof on the defendants." *Turley v. Rednour*, 729 F.3d 645, 649 (7th Cir. 2013) (alteration adopted).

"To exhaust remedies, a prisoner must file complaints and appeals in the place, and at the time, the prison's administrative rules require." *Pozo v. McCaughtry*, 286 F.3d 1022, 1025 (7th Cir. 2002); *see also Lanaghan v. Koch*, 902 F.3d 683, 687 (7th Cir. 2018) ("State law establishes the administrative remedies that a state prisoner must exhaust for purposes of the PLRA.") The PLRA's exhaustion requirement is mandatory. *Woodford v. Ngo*, 548 U.S. 81, 85 (2006); *see also Lockett v. Bonson*, 937 F.3d 1016, 1025 (7th Cir. 2019) ("We take a strict compliance approach to exhaustion." (alteration adopted)). Failure to exhaust requires dismissal of a prisoner's case without prejudice. *Ford v. Johnson*, 362 F.3d 395, 401 (7th Cir. 2004).

The Department of Corrections maintains a complaint process in all state adult prisons. *See* Wis. Admin. Code DOC § 310.01. To start the process, the prisoner must file a complaint with the institution complaint examiner within 14 days after the occurrence giving rise to the complaint. Wis. Admin. Code DOC § 310.07(2). To satisfy the exhaustion requirement, the

inmate complaint must give the prison "notice of, and an opportunity to correct, a problem." *Schillinger v. Kiley*, 954 F.3d 990, 996 (7th Cir. 2020). An inmate complaint meets this requirement "if it provides notice to the prison of the nature of the wrong for which redress is sought." *See id.* at 995.

Prisoners are required to exhaust only the administrative remedies that are available to them. *Ross v. Blake*, 578 U.S. 632, 642 (2016). Defendants bear the "burden of proving the availability of administrative remedies." *Kaba v. Stepp*, 458 F.3d 678, 686 (7th Cir. 2006).

Famous didn't exhaust administrative remedies on his claim against Dr. Delforge. Famous bases this claim "on the treatment, or lack of it, [Dr. Delforge] provided *at* the [August 16, 2023] appointment." Dkt. 7 at 5 (emphasis added). The '2493 and '3035 complaints didn't involve this issue, so they didn't exhaust this claim.

Famous disagrees, contending that the '2493 complaint related to his claim against Dr. Delforge. *See* Dkt. 26 at 11–12. Famous further contends that, even though he filed the '2493 complaint in February 2023, he didn't have to keep on filing complaints to exhaust the same issue. *Id.*; *see Turley*, 729 F.3d at 650 (a prisoner "need not file multiple, successive grievances raising the *same issue* . . . if the objectionable condition is continuing" (emphasis added)). But the '2493 complaint was about Famous's desire to see the dentist. That is a different issue than the specific treatment that Dr. Delforge provided, or failed to provide, at a particular appointment that took place several months later.

The administrative process was available to Famous because he filed multiple inmate complaints at CCI in 2023, including some related to dental care. *See* Dkt. 25-1 at 4. A reasonable factfinder could only conclude that Famous failed to exhaust available administrative remedies on his claim against Dr. Delforge.

Famous didn't exhaust administrative remedies on his claim against Acker. Famous bases this claim on Acker's delay in giving him medication for dental pain. The '2493 and '3035 complaints didn't involve this issue, so they didn't exhaust the claim against Acker.

Famous disagrees. Famous says that the '2493 complaint dealt with Acker's delay in treating his dental problems, which covered the claim that she delayed his receipt of pain medication for those problems. *See* Dkt. 26 at 8–9. Famous's claim against Acker centers on her failure to give him medication for dental pain in response to a specific request. By contrast, the '2493 complaint is about Famous's desire to see a dentist for ongoing dental problems, but not pain specifically. Famous stated in his appeal of Panos's dismissal of the '2493 complaint that his ibuprofen wasn't completely treating his dental pain. But that statement wouldn't have given CCI officials notice that Famous was upset about Acker's delay in giving him pain medication: he stated in the appeal that he already had it. No reasonable factfinder could conclude that Famous exhausted available administrative remedies on his claim against Acker.

The claim against Fuchs calls for a different analysis. Defendants contend that Famous didn't exhaust administrative remedies on this claim because: (1) he filed the '3035 complaint two months before he complained to Fuchs about shortages in dental staffing; and (2) the '3035 complaint was rejected on procedural grounds. *See* Dkt. 24 at 8–9. Famous contends that this claim is exhausted because it was rejected as duplicative of the '2493 complaint, meaning that it or the '2493 complaint met the exhaustion requirement. Dkt. 26 at 13–14. Defendants didn't address this contention in their reply. Dkt. 30 at 4.

The dismissal of an inmate complaint as duplicative might suggest that the prior complaint addressed an on-going issue. *See Adell v. Moon*, No. 19-cv-336, 2020 WL 1492982, at *8 (E.D. Wis. Mar. 27, 2020); *Gabby v. Luy*, No. 05-cv-0188, 2006 WL 167673, at *4 (E.D.

Wis. Jan. 23, 2006). That's the situation here. Famous's '2493 complaint dealt with Acker's delay in treating his dental problems. Dismissing Famous's '3035 complaint as redundant suggests that Famous had already complained about the delay in getting treatment and that the prison knew about it. In April, Famous complained again about treatment delays to Fuchs, but Fuchs did nothing. Famous didn't have to continue complaining about the same problem.

Defendants haven't met their burden to show that Famous failed to exhaust available administrative remedies on the claim against Fuchs.

To recap, defendants have shown that Famous failed to exhaust available administrative remedies on his medical care claims against Dr. Delforge and Acker. I will grant defendants' motion to dismiss Famous's medical care claims against Dr. Delforge and Acker without prejudice. I will deny defendants' motion on Famous's medical care claim against Fuchs because they haven't shown that he failed to exhaust administrative remedies on this claim.

## B. Supplemental jurisdiction

I had exercised supplemental jurisdiction over Famous's medical negligence claims against Dr. Delforge, Acker, and Fuchs because each of those claims arose out of the same set of facts as each related medical care claim. *See Olson v. Bemis Co.*, 800 F.3d 296, 302–03 (7th Cir. 2015) ("District courts may exercise supplemental jurisdiction over state law claims that share a common nucleus of operative facts with a federal claim properly before the court."); 28 U.S.C. § 1367(a). The recommended practice is to relinquish supplemental jurisdiction over state-law claims if all federal claims are dismissed. *See Wright v. Associated Ins. Cos. Inc.*, 29 F.3d 1244, 1251 (7th Cir. 1994); 28 U.S.C. § 1367(c). The issue is unsettled, but the court of appeals has approved relinquishing supplemental jurisdiction over state-law claims against a defendant if all federal claims against that party have been dismissed, even if federal claims

against other defendants remain in the case. *See Ryan v. Ill. Dep't of Child. & Fam. Servs.*, 185 F.3d 751, 765 (7th Cir. 1999); *Landstrom v. Ill. Dep't of Child. & Fam. Servs.*, 892 F.2d 670, 673 & n.7, 679–80 (7th Cir. 1990). This defendant-specific approach is appropriate if the state-law claims over which the district court is declining to exercise jurisdiction don't arise out of the same set of facts as any of the federal claims that remain against other defendants. *See Spearman v. Tom Wood Pontiac-GMC, Inc.*, No. IP 00-1340-C-T/G, 2001 WL 1712506, at *7 (S.D. Ind. Dec. 3, 2001), *aff'd sub nom. Spearman v. Tom Wood Pontiac-GMC, Inc.*, 312 F.3d 848 (7th Cir. 2002).

I have dismissed Famous's medical care claims against Dr. Delforge and Acker, and his medical negligence claims against these defendants arise out of different sets of facts than his medical care claim against Fuchs. So, I will decline to exercise supplemental jurisdiction over Famous's medical negligence claims against Dr. Delforge and Acker.

Nor has Famous shown that I could exercise federal diversity jurisdiction over his medical negligence claims against Dr. Delforge and Acker. Famous fails to allege that he and either of these defendants are citizens of different states, and nothing in the record suggests that to be the case.

Famous may pursue his medical negligence claims against Dr. Delforge and Acker in state court, subject to Wisconsin statutes of limitations. Those limitations periods have been tolled while this case has been pending, but they will begin again 30 days from now. *See* 28 U.S.C. § 1367(d) ("The period of limitations for any claim asserted under [the court's supplemental jurisdiction] . . . shall be tolled while the claim is pending and for a period of 30 days after it is dismissed unless State law provides for a longer tolling period.").

ORDER

IT IS ORDERED that:

1.  Defendants' motion for summary judgment on exhaustion grounds, Dkt. 23, is GRANTED in part and DENIED in part. As a result: (1) plaintiff Ronnie Famous's Eighth Amendment medical care claims against defendants Dr. Drew Delforge and Alana Acker are DISMISSED without prejudice for failure to exhaust administrative remedies; and (2) defendants' motion is DENIED on Famous's Eighth Amendment medical care claim against defendant Larry Fuchs.

2.  Jurisdiction is RELINQUISHED over plaintiff's Wisconsin-law medical negligence claims against Dr. Delforge and Acker.

3.  Dr. Delforge and Acker are to be removed as defendants.

Entered November 27, 2024.

BY THE COURT:

/s/

_____
JAMES D. PETERSON
District Judge

8